### DOWNING v. UNITED STATES.

(Circuit Court, S. D. New York. February 20, 1900.)

No. 2,410.

1. CUSTOMS DUTIES—CLASSIFICATION—AMERICAN FISHERY—TURTLE MEAT.

A corporation consisting of American citizens fitted out a registered American vessel, which was manned with an American crew, and engaged in the business of catching turtles in Central American waters, and canning them aboard the vessel. Held, that this constitutes an American fishery, within the meaning of Tariff Act Aug. 27, 1894, c. 349, § 2, Free List, par. 568, 28 Stat. 542, which exempts from duty "all fish and other products" of "American fisheries," and that the canned turtle meat is free of duty, as the product of such fishery.

Appeal by the United States from a decision of the Board of General Appraisers reversing the decision of the collector of customs in the as-

sessment of duty on certain merchandise imported into the port of New York by R. F. Downing & Co.

The merchandise consists of canned turtle meat, which the collector held to be dutiable, and which the importers contend is free of duty under the provision in Tariff Act Aug. 27, 1894, c. 349, § 2, Free List, par. 568, 28 Stat. 542, for "fish oils of American fisheries, and all fish and other products, of such fisheries." The board sustained this contention in an opinion which is as follows (In re Downing, G. A. 3519):

"SHARRETTS, General Appraiser. We find the facts in this case to be as follows, viz.: (1) That the appellants, citizens of the United States, trading under the corporate title of 'The Ocean Trading Company,' and engaged in the business of fishing for green or sea turtles, did, in the conduct of their business, fit out the American vessel Gracie T., which vessel is registered at the port of New York, and sails under the American flag. (2) That the crew of said vessel, citizens of the United States, for several months were engaged in the business of fishing for sea turtles in the waters of Central America, and of canning them on board of the vessel, at the time and place of catch. (3) That the tin cans containing the turtle meat are of American manufacture, and are not involved in the issue presented by this protest, the point in controversy being the proper classification of the turtle meat, which was transferred from the Gracie T. to the steamship Adirondack, to be transported to the port of New York, where it was entered for consumption, August 29, 1894.

"We hold that the said vessel, equipped for the purposes of fishing, duly registered, and sailing under the American flag, manned by American sailors, engaged in the business of fishing, and carrying on such business in the manner heretofore described, constituted an American fishery, within the meaning of the statute, and that the merchandise in question was the product thereof. On these facts, and holding as above, we sustain the claim in the protest that the merchandise is entitled to free entry under Act Aug. 27, 1894, c. 349, § 2, Free List, par. 661, 28 Stat. 545.

"The collector's decision is reversed."

Hess, Townsend & McClelland, for importers.

Harry P. Disbecker, Asst. U. S. Atty.

LACOMBE, Circuit Judge (orally). There is apparently a clerical error in the printed opinion of the board in referring to paragraph 661 when it apparently means paragraph 568. As to the suggestion that the word "fishery" is used in any narrow or restricted sense in that paragraph, requiring the article captured to be a fish, to be caught with a hook and line, or net, or something of that kind, it is sufficient to refer to the paragraph itself, which provides and contemplates such fisheries as the taking of a whale, which is a mammal, and is shot with a harpoon. There is no reason, therefore, for requiring any narrow technical meaning of the word "fishery." On the facts found by the board—and they seem to be supported by the certificate of the consul —I concur in their conclusion that this is fairly a product of American fisheries, and as such entitled to a free entry.